Divine *v.* Divine.

[THIRD DEPARTMENT GENERAL TERM, at Plattsburgh, July 5, 1870.  *Miller*, P. J., and *Potter* and *Parker*, Justices.]

## JOHN H. DIVINE *vs.* GILBERT J. DIVINE.

In an action upon a promissory note, between the original parties to it, the consideration may be inquired into, on the trial; and it is subject to the equities existing between the parties.

A promissory note, given for a part of the consideration money of premises described in an executory agreement for the sale thereof, dated the same day, payable on the day of the delivery of the deed, and being a part of the same transaction, may be read and interpreted with the agreement, as a part of it, or as a waiver of its terms, to that extent.

Such a note is a substitute for the payment of the sum agreed to be paid at the time fixed for the execution of the deed, and until paid, that part of the agreement is not performed.  It is a collateral and simple promise to pay the same money mentioned in the written agreement.  Its only real effect is to postpone the payment of the unpaid part of the purchase money until the day the deed is to be executed.

And the purchaser having omitted to pay the sum specified in the agreement, at the time it became due, and an action therefor being brought by the vendor; *Held* that the plaintiff was bound to prove, on the trial, that before suit brought he had offered to comply with the agreement on his part; that is, that he had offered to convey the premises to the defendant on receiving the balance of the purchase price.

*Held, also,* that the payment of the purchase money, and the execution of the deed being dependent acts, and the plaintiff not having shown an offer to convey, he had failed to make out a cause of action, and should have been nonsuited.

In such an action, parol evidence tending to show that the plaintiff not only abandoned the agreement on his part, but that there was a failure of the consideration of the note sued upon, in that the plaintiff had sold the land to another person, and that he had done acts that estopped him from prosecuting the defendant upon the note given for the unpaid purchase money, is competent for that purpose; and is not open to the objection that it is intended to change or vary the terms of a sealed agreement.

Divine *v.* Divine.

THIS action was commenced in a justice's court, upon a promissory note for $150, dated April 15, 1868, payable 1st of November, 1868, with interest. The note was given by the defendant to the plaintiff; the consideration of it was for part payment of lands agreed to be purchased by an executory contract between the parties, under their hands and seals, of the same date as the note. There was judgment for the plaintiff, in the justice's court, and an appeal to the county court, where the cause was again tried by a jury.

By the terms of the executory contract, a mortgage upon the land was to be assumed by the defendant as part payment; the remainder of the purchase money was to be paid 1st of November, 1868, at the same time the note was to become due. On which day, by the said agreement, the plaintiff was to give the defendant a good and sufficient warranty deed of the premises, free and clear of all incumbrance except said mortgage. In August, 1868, before the note became due, the plaintiff called on the defendant to secure the note, which the defendant refused to do, alleging that there was not as much land as he expected; that there were but seventy-five instead of ninety acres. The defendant testified that at this interview between him and the plaintiff, the plaintiff told the defendant, if the latter would get the land surveyed, he (the plaintiff) would pay the bill for surveying, and if it fell short of ninety acres, he could not hold the defendant on the note, and he would give it up. The plaintiff objected to the evidence on the following grounds:

1st. The evidence directly contradicts the terms of the written agreement, under which the defendant went into possession.

2d. The evidence can constitute no defense to the action.

3d. There is no fraud or false representations charged in the complaint.

4th. The evidence is immaterial and improper, and can in no way affect the issue to be tried.

5th. That the note was never delivered to the defendant, and that no parol contract or agreement between the parties, could in any way cancel the instrument.

The court made no ruling on these objections at the time, and the witness continued to testify, that the plaintiff said, on that occasion, if he could sell the land to one Gildersleeve, on certain terms named, he would throw up the contract and give the defendant up his note. Certain other particulars were named, as a variation of terms, not necessary to mention. Afterwards the defendant had the land surveyed; it turned out to be only seventy-five acres; fell short fifteen acres; of which the defendant informed the plaintiff. The defendant further testified : "We then made an agreement that we would throw up this contract, and that he should give me up this note." * * "In March following he deeded the premises to Gildersleeve. I gave up the premises." * * "This agreement to throw up this written contract was in August, 1868." "He did not give me the note at that time, for the reason, as he said, that he did not have it with him. This agreement was not put in writing. After he had conveyed the premises to Gildersleeve, and before this suit was commenced, last spring, I went to the plaintiff's house and offered him this contract and demanded this note." * * "He refused, and said he would have the whole amount of the note, or nothing."

Here, again, the plaintiff objected to the evidence, on the grounds before stated, and the court then excluded it, and the defendant excepted.

Gildersleeve was sworn as a witness for the defendant, by whom he proved a sale and conveyance by the plaintiff, of the premises to his mother, and offered to prove that she assumed the mortgage on the premises for $900, and paid $600 in money; but the plaintiff objected to this,

Divine *v.* Divine.

and the judge excluded it, and the defendant excepted. The defendant also offered to prove, by this witness, that at the time the plaintiff conveyed the premises to Gildersleeve, he, the plaintiff, told her that he had, by an agreement with the defendant, rescinded the contract of sale of the land to him, and that the defendant was occupying it as tenant. This was also objected to by the plaintiff, and excluded by the court, and the defendant excepted.

There was further evidence, by the defendant, that at the time of the agreement of the plaintiff to throw up .the contract, and give up the note, it was further agreed between them that the defendant should allow the plaintiff a reasonable rent that year for the premises, and that the plaintiff was to allow the defendant for improvements made on the place. This is also a part of the testimony that was excluded. It is also a part of the evidence that the defendant was in possession under one Hill, at the time he made the written contract with the plaintiff. There was no change of possession. Hill conveyed to the plaintiff.

The defendant asked the court to submit the case to the jury, upon the evidence, as a question of fact, whether the parties mutually agreed and intended to abandon the written contract for the sale of the lands to the defendant, and to assume the relation of landlord and tenant, and whether the plaintiff in consideration thereof, and in consideration of a mistake as to the quantity of the land, agreed to cancel the note in question. He also asked the court to charge the jury that if such was the intention and agreement of the parties fairly entered into and acted upon by both, the plaintiff was not entitled to recover in this action the amount of the note in question.. The court refused so to submit the case to the jury ; also refused so to charge; and held that there were no questions of fact to go to the jury. To each of which refusals and rulings, separately, the defendant excepted. The defendant also

asked the court to charge the jury that the facts proved constituted a defense to the note. The court refused so to charge, and the defendant excepted.

The court then ordered the jury to render a verdict for the plaintiff for $166.62, to which the defendant excepted. The jury so found. Afterwards, on motion of the defendant, upon a case and exceptions, the said court set aside the verdict and ordered a new trial; from which order the plaintiff appealed to this court.

*Benjamin Low,* for the plaintiff.

*T. F. Bush,* for the defendant.

*By the Court,* POTTER, J.   This action being upon a note, between the original parties to it, the consideration could be inquired into upon the trial, and it was subject to the equities existing between the parties.   The note was given for a part of the consideration money of the premises described in the executory agreement; was dated the same day; was part of the same transaction; and may be read and interpreted with the agreement, as a part of it, or as a waiver of its terms, to that extent. The note was a substitute for the payment of the sum therein agreed to be paid at the time of the execution of the deed, and until paid, that part of the article was not performed.   It was a collateral, and simple promise to pay the same money that was mentioned in the sealed agreement.   Its only real effect was to postpone the payment of the unpaid part of the purchase money, until the day the deed was to be executed.   On that day the parties stood in the same relation towards each other, as to their rights, as if the promise in the note had been in the agreement; or, in other words, the plaintiff waived the first payment until the day he was to perform on his part by giving a deed. The defendant having omitted to pay the sums specified

Divine *v.* Divine.

in the agreement, at the time they became due; and the plaintiff, after all payments had become due, having brought his action for a part of the purchase money, was bound to prove, on the trial, that before suit brought, he had offered to comply with the agreement on his part; that is, that he had offered to convey the premises to the defendant on receiving the purchase price, or a readiness or willingness to convey. On the 1st day of November, 1868, the whole unpaid purchase money was due; on that day the plaintiff agreed to convey. The payment of the money and the execution of the deed, then, became dependent acts. These facts appeared on the trial, and were uncontradicted. The plaintiff failed to make out a cause of action, and should have been nonsuited. The judge directed the jury to find a verdict for the plaintiff. This was error, and there was an exception. (*Beecher* v. *Conradt*, 13 *N. Y.* 108. *Johnson* v. *Wygant*, 11 *Wend.* 48. *Grant* v. *Johnson*, 5 *N. Y.* 247. *Williams* v. *Healey*, 3 *Denio*, 363.)

This view is independent of that taken by the judge on the trial; or the judge on the motion for a new trial. Indeed, the case was tried upon another, and entirely different theory, on both sides. The evidence ruled out, by the judge below, was, much of it, material evidence, and constituted a good defense to the action. The abandonment of the agreement by the plaintiff, his breach of the agreement on his part, by the putting it out of his power to perform, by conveying the premises to another, and putting such other in possession and afterwards bringing an action, in its effect, to compel the other party to perform on his part, has not the savor of equity or of justice to sustain it.

I think the court below was mistaken in assuming that the parol evidence offered was intended to change or vary the terms of a sealed agreement. The testimony was competent to show that the plaintiff not only abandoned

the agreement on his part, but that there was a failure of consideration of the note sued upon, in that the plaintiff actually converted to his own use the consideration for the promise made by the defendant in the note sued upon; and that the plaintiff had done acts that estopped him from prosecuting the defendant for the consideration of the note.

If these views, or either of them, are sound, the order of the county court, ordering a new trial, should be affirmed, with costs to the defendant.

Order affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Plattsburgh, July 5, 1870. *Miller*, *P. J.*, and *Potter* and *Parker*, Justices.]