Bradley, J.
As viewed here, the principal question is, whether the plaintiff’s intestate could maintain the action on the note without having tendered or offered to the defendant performance of her covenant in the contract.
If the covenant on her part, or an essential part of it, which constituted the consideration for the defendant’s promise to pay expressed in the note, and such promise. were dependent, it is difficult to see how the recovery can be supported, assuming that such covenant on her part had not been performed, because when the acts of performances of the parties to an executory contract provided for by it are concurrent or simultaneous, neither can obtain relief by action upon the contract without having offered to perform on his part.
The note in question was given for the $1,500 mentioned in the contract, and the consideration expressed for which it was given was the agreement of the plaintiff’s intestate to release quit-claim and set over to the defendant her right, title and interest in the premises and to surrender to him the possession of them, with the right to the growing crops, and her agreement to procure her husband’s interest if he had any in the premises. No time was mentioned for doing this, and thus far there is nothing to characterize such agreement and the defendant’s promise to pay as dependent undertakings. The contract executed by the parties contains no promise on the part of the defendant to pay, but the payment is by its terms declared as made and received. This is done by putting the promise into a note expressing a definite time for payment. Stopping here, the promises of the parties are independent, and neither need rely upon an offer of performance to support an action upon the contract or note. Mattock v. Kinglake, 10 Ad. & E., 50; Campbell v. Jones, 6 Durn. & E., 570; Tompkins v. Elliott 5 Wend., 496-7.
There is, however, a further provision in the contract to. the effect that when the defendant should pay the $1,500, Mrs. Bush and her husband should release and discharge the defendant from all claims, dues and demands which they or either of them had against him. There is some force in the contention that this covenant and the defendant’s promise to pay are dependent. The doctrine declared at an early day that mutual covenants are dependent only when they go to the whole of the consideration, and that when not so they furnish merely a remedy for breach, has been qualified by the later cases so. as to be applicable only when by the agreement there is an apportionment of the amount to be paid into payments applicable to the several parts of the consideration. Grant v. Johnson, 5 N. Y., 247.
The sum to be paid by the defendant is an entirety; and *799 the note having been made at the same time, expresses the promise of the defendant to make payment as the consid eration for the agreement of the other party to the contract, and must be so treated. Divine v Divine, 58 Barb., 264; Hoag v. Parr, 13 Hun, 95. The fair construction of the provision last referred to of the agreement is, that the releases there mentioned were to be made at the time of the payment of the $1,500
The case cited of Northrup v. Northrup (6 Cow., 296), is distinguished by the fact that the payment was by the term? of the contract to be made to a third person. Slocum v Despard, 8 Wend, 615, 619; Johnson v. Wygant, 11 id , 48, 56. And in Morris v. Sliter (1 Benio, 59) the concurrency of the covenants of the parties was defeated by the use of the word “after,” thereby postponing the performance by the vendor until after the payment was made. Williams v. Healey, 3 Benio, 363, 366.
We have not overlooked Lewis v. McMillen (41 Barb., 420), cited in support of the proposition that the defendant’s note constituted an independent promise and, therefore, distinguishes his undertaking in that respect from what may have been its character if embraced within the terms of the contract subscribed by the parties. The decision of that case was governed by its peculiarities, and by it a previous decision of the court in the same case was to some extent overruled. 31 Barb., 395. And while the case may have been properly decided, there were some propositions stated in the opinion unnecessary to the result.
But the provision in the contract in question here, relating to releases of claims, dues and demands against the defendant, may be treated as a covenant rather than a condition and its importance and effect in this action may depend upon the fact whether it is a substantial part of the contract or of the consideration for the defendant’s promise to pay. In terms the consideration for the payment is in the agreement to release and quit-claim to the defendant the interest in the farm and in the crops there growing and to deliver the possession of it to him. And the promise to release claims, etc., against him has the appearance of a stipulation somewhat disconnected with the other covenants. _ •
_ The defendant testifies on this subject: “I gave this note, took this contract and plaintiff (the intestate) was to procure releases of herself and husband, and this $1,500 note was given for their interest in the farm, and they were to give me the possession of the farm and the releases spoken of in the contract to make my title good.” This evidence corresponds with the terms of the contract in respect to the consideration of the defendant’s note, and tends to prove *800 that there was not in fact involved in it any claim, due or demand against him from which he was to be released or discharged. And nothing appears tending to prove, or from which it can be inferred, that any such claims existed or were supposed or claimed to exist against him. He was a mortgagee of the premises, but had not been in possession. The inference is fairly permitted that the provision in question, for release of all claims against him, was independent of the consideration for which the note was made, and without any substantial purpose or practical utility, and, therefore, offer of performance was not a prerequisite to the plaintiff’s right of action'. Pearsoll v. Frazer, 14 Barb., 564. And, if it may be said that there was a question of fact for the jury in that respect, that was disposed of by the court inasmuch as the defendant treated the question arising upon the evidence as one of law only, and did not request the submission of any question of fact to them. Koehler v. Adler, 78 N. Y., 287. In the view taken of this case the remedy of the defendant was to require'performance or for damages for breach in the event of non-performance. By the defendant’s answer the only breach alleged is the failure to execute and deliver the “release of discharge.” It, therefore, becomes unnecessary to determine whether upon the pleadings and proofs it appears to have been assumed at the trial that the defendant had taken possession under the contract. The plaintiff, by the production of the note, made a prima facie case against the defendant, and his defense was the subject to be pleaded by him and he had the burthen of establishing it by evidence. It may be assumed, when the proof goes no further than his defense alleged, that the full strength of the defendant’s defense is in his answer. And, as applied to this case, it may be assumed it contains all the breaches of the contract on the part of plaintiff’s intestate, and, if that be so, the defendant has had the possession of the farm more than ten years.
If these views are correct the defendant’s exceptions were not well taken. And the judgment and order should be affirmed.
Haight and Corlett, JJ., concur.