HENRY O. EWING, as Receiver of the CARDIFF COAL AND IRON COMPANY, Appellant, v. GEORGE B. WIGHTMAN, Respondent.

VENDOR AND PURCHASER — RECOVERY ON PROMISSORY NOTES — DEPENDENT AGREEMENTS. An action to recover on promissory notes, delivered to represent the deferred payments to be made for certain lands which by a contract bearing the same date were to be conveyed in the future upon the payment of the purchase money, cannot be maintained between the original parties, where no tender of conveyance has been

made to the purchaser, since the agreement to convey or to deliver possession of the lands and the agreement to pay the purchase money, being concurrent in time, are dependent.

*Ewing* v. *Wightman,* 52 App. Div. 416, affirmed.

(Argued March 21, 1901; decided May 14, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 10, 1900, affirming a judgment in favor of defendant entered upon the report of a referee. .

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry H. Whitman* for appellant. The company, or its receiver, did not forfeit the right to enforce payment of the notes, either by failing to tender deeds at the time the last notes matured, or by failing to release the lien on the Hembree lots before the notes became due, because the contract was continuing and subsisting. (*Laird* v. *Smith,* 44 N. Y. 618; *Newton* v. *Hall,* 90 Cal. 487; *Raymond* v. *Land Co.,* 53 Fed. Rep. 883; 2 Warvelle on Vendors, 775; *Higgins* v. *Eagleton,* 155 N. Y. 466; *Ziehen* v. *Smith,* 148 N. Y. 558.) The question of tender is immaterial, because the obligation to pay the notes was independent of the agreement to convey. (*Beecher* v. *Conradt,* 13 N. Y. 108; *Eddy* v. *Davis,* 116 N. Y. 247; Langdell on Law of Cont. [2d ed.] 150; Harriman on Cont. 159, 160; Pars. on Bills & Notes, 203; *Lewis* v. *McMillen,* 41 Barb. 420; *Spiller* v. *Westlank,* 4 B. & Ad. 155; *Moggridge* v. *Jones,* 14 East, 486; *Brinkley* v. *Bethel,* 9 Heisk. 786; *Johnson* v. *Kurtz,* 97 Tenn. 503.)

*William C. Cammann* for respondent. The company was obliged to make a tender of the deeds. When the last installment fell due the payment of the whole purchase price and the conveyance of the land became dependent acts, and no right to the purchase price arose until performance on its part by a conveyance or tender of conveyance of the land. (*Brinkley* v. *Bethel,* 9 Heisk. 786; *Parker* v. *Parmele,* 20

Johns. 130; *Johnson* v. *Wygant*, 11 Wend. 48; *Morris* v. *Sliter*, 1 Den. 59; *Beecher* v. *Conradt*, 13 N. Y. 108; *Eddy* v. *Davis*, 116 N. Y. 247; *Hoag* v. *Parr*, 13 Hun, 95; *James* v. *Burchell*, 82 N. Y. 108.)

CULLEN, J. This action is brought to recover on a series of promissory notes made·or indorsed by the defendant to the Cardiff Coal and Iron Company under a number of contracts by which said company contracted to sell and convey to Wightman certain parcels of land in the State of Tennessee. One of the defenses pleaded by the respondent was that these notes were delivered to represent the deferred payments to be made for said lands, upon the payment of which the lands were to be conveyed to him, and that the company at the day fixed for the conveyance of the land was unable to give the respondent title thereto and tendered no deed or conveyance to him. The following are the forms of the contract and of the note, which bear the same date: "For and in consideration of the sum of Four hundred and sixteen and 70/100 Dollars ($416.70) in hand paid on the delivery of this instrument, the receipt of which is hereby acknowledged, and the further sum of Eight hundred and thirty-three and 30/100 Dollars ($833.30) to be paid in equal installments in six and twelve months from date to ·be evidenced by two notes, executed by the said bargainor hereinafter named, due and payable, respectively, six and twelve months after date, with interest from date. The Cardiff Coal and Iron Company, a body, corporate under the laws of the State of Tennessee, has bargained and sold, and hereby agrees and binds itself to convey by deed in fee simple with covenants of general warranty, on payment in full of the purchase money at the times and in the manner hereinbefore set forth unto George B. Wightman, his heirs or assigns, a lot or parcel of lands lying in the 13th Civil District of Roane County, Tennessee, being Lot No. Five in block thirty-four in the Town of Cardiff, as shown by the plat of said town in the Register's office of Roane County."

(Note.) "$416 60/100. 12 months after date, I promise to

pay the Cardiff Coal and Iron Company, or order, Four Hundred and sixteen and 60/100 dollars for value received with interest from date. This note is given in part consideration for land this day bought of the said Cardiff Coal & Iron Company, and a lien is retained on said land to secure the payment of this note. If this note is not paid at maturity and is placed in the hands of an attorney for collection    agreed to pay 10 per cent. attorney's fees, to be taxed as costs. This 30th day of April, 1890. George B. Wightman." The referee before whom the cause was tried rendered a short form of decision, in which he held that the agreements to convey the land and pay the notes were concurrent and dependent, and that the plaintiff could not maintain the action on the notes, as no tender of conveyance had been made to the defendant. . The unanimous affirmance by the Appellate Division leaves open for our determination but one question, whether the payment of the notes and the conveyance of the land were dependent covenants. The law is firmly established in this state that in a contract for the purchase of lands or for the sale of chattels, the covenant to convey or to deliver possession and the covenant to pay the purchase money, when concurrent in time, are dependent (*Glenn* v. *Rossler*, 156 N. Y. 161 ; *Vandegrift* v. *Cowles Engineering Co.*, 161 N. Y. 435); and that even in case the purchase money is payable in installments, if the vendor awaits the maturity of the last installment upon the payment of which a conveyance is due, he cannot maintain an action to recover any installment without first putting the vendee in default by tendering him a deed. (*Beecher* v. *Conradt*, 13 N. Y. 108 ; *Morange* v. *Morris*, 3 Keyes, 48 ; *Thomson* v. *Smith*, 63 N. Y. 301 ; *Eddy* v. *Davis*, 116 N. Y. 247.) The contract of the Cardiff Company was not a present conveyance of the land, but an executory agreement to convey in the future on the payment of the purchase money, and the defendant agreed to pay in consideration of the actual conveyance of the land, and not in consideration of the mere obligation or executory contract of the vendor. Therefore, if the action had been brought on the contract, it could not,

within the rule stated, have been maintained because of the
failure of the vendor to tender a deed, and the only question
remaining is, whether a different rule applies where,
as in the present case, separate obligations in the shape of
promissory notes are given for the purchase money.   Some
learned text writers have asserted the doctrine  that promises
contained in unilateral contracts cannot be dependent, though
each is given in consideration of the other, and have criticised
the cases in this country holding a contrary rule.   Whatever
may be the force of the arguments of those writers, or whatever
the rule in England (*Spiller* v. *Westlake*, 2 Barn. & Ad.
155 ; *Moggridge* v. *Jones*, 14 East, 486), the general current
of authority in this and other states is opposed to that doctrine.
In *Divine* v. *Divine* (58 Barb. 264) it was held that an action
could not be maintained on a promissory note given for a part
of the consideration specified in an executory agreement for
the sale of lands and payable the same day on which the deed
was to be delivered, without the plaintiff proving an offer to
convey.   *Hoag* v. *Parr* (13 Hun, 95) is to the same effect.
In *Lewis* v. *McMillen* (41 Barb. 420) a contrary rule was
declared by a divided court in direct opposition to a previous
decision in the same case (31 Barb. 395).   The case was doubt-
less well decided regardless of the question we are now dis-
cussing, for it appeared that the defendant had entered on the
land and remained in possession thereof and that the plaintiffs
had offered to convey, the only default on the plaintiffs' part
being the alleged defect in their title.   It is settled law that a
purchaser of land cannot keep the land and refuse to pay for
it, whether the title be good or bad.  (*Wright* v. *Delafield*,
23 Barb. 498.)   *Kirtz* v. *Peck* (113 N. Y. 222) was an action
on a promissory note and somewhat similar to the case last
cited.   There the defendant was in possession of land con-
veyed to him by the plaintiff, this court holding that the
agreement operated as a present deed.   The default on the
plaintiff's part, set up by the defendant as a defense to the
enforcement of the note, was a failure to execute a release
provided for in the agreement.   The agreement did not

provide for a future payment to be made by the vendee, but for present payment, the receipt of which was acknowledged by the instrument. Under these circumstances it was held that the agreement to pay the note and that to deliver the lease were independent and that the note could be enforced without a tender of the release. There is nothing in the opinion, however, to show that the court regarded the fact that the defendant's promise to pay was contained in a separate negotiable instrument as affecting the defendant's liability. On the contrary, the discussion proceeds on the assumption that the note and written agreement constituted part of the same contract, the character of the covenants contained in which was to be determined on the same principles as if there had been but a single instrument. In *Hunt* v. *Livermore* (5 Pick. 395) it was held that an action could not be maintained on a non-negotiable promissory note given for the purchase money on an executory contract for the sale of land without a previous tender of the deed. The same principle seems to have been recognized, though the question was not necessarily involved, in *Murphy* v. *Lockwood* (21 Ill. 611). No American case has been cited to us holding a contrary rule, except that of *Lewis* v. *McMillen*, hitherto discussed. We think the weight of authority justified the decisions of the courts below.

Nor do we think the doctrine established by this decision is subject to criticism on principle. "It is a familiar rule that several instruments made between the same parties at the same time and relating to the same subject-matter are to be read as one instrument" (*Marsh* v. *Dodge*, 66 N. Y. 533; *Draper* v. *Snow*, 20 N. Y. 331), and if one of the writings is a negotiable instrument, the same rule applies in an action between the parties to it or their representatives. (*Rogers* v. *Smith*, 47 N. Y. 324.) "In contracts of this description, the undertakings of the respective parties are always considered dependent, unless a contrary intention clearly appears. A different construction would in many cases lead to the greatest injustice, and a purchaser might have payment of the consideration money enforced upon him, and yet be disabled from

procuring the property for which he paid it." (*Bank of Columbia* v. *Hagner*, 1 Peters' Reps. 455, 464; cited with approval by MARTIN, J., in *Glenn* v. *Rossler, supra*.) These rules are firmly settled in our jurisprudence, and I think it follows as a necessary corollary from those rules that the law is the same where a promissory note is given for the purchase money on an executory contract for the sale of lands or chattels, as obtains in a case where the only promise to pay is found in the contract of sale itself, provided the action is between the original parties.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN and WERNER, JJ., concur.

Judgment affirmed.