JAMES A. CLEVELAND and JOHN M. McDOWELL, Respondents, *v.* MASON J. CLARK, Appellant.

Third Department, May 5, 1920.

Contracts — when tender of performance necessary to recovery — action to recover agreed price for cancellation of prior contract — tender of performance and surrender of prior contract as condition precedent to bringing action — tender at trial.

Whether the mutual terms of a contract are dependent, so that either party, in order to recover upon it, must show a tender of performance on his part, depends always upon the intent of the parties as gathered from the contract itself.

Where a contract requires contemporaneous performance, neither party can sue at law until he has, by performance or tender, put the other in default and an offer of performance in the pleadings or on the trial is too late.

It was not necessary to the maintaining of the action, brought to recover the balance of the contract price agreed to be paid for the cancellation of a prior contract creating the plaintiffs sales agents of goods to be delivered by the defendant, for the plaintiffs to surrender or offer to surrender the original contract to the defendant before the action was instituted, though the cancellation contract provided that " the parties of the second part agree, upon receiving the said sum of $3,000, to surrender to the party of the first part the said contract, together with all their rights thereunder," for when the cancellation contract was executed and the down payment made, the defendant's liability and the plaintiffs' obligation under the original contract were at an end.

KILEY, J., dissents.

APPEAL by the defendant, Mason J. Clark, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Chemung on the 29th day of September, 1919, upon the decision of the court rendered after a trial before the court without a jury at the Chemung Special Term.

*Cobb, Cobb, McAllister, Feinberg & Heath* [*Riley H. Heath* of counsel], for the appellant.

*Stanchfield, Lovell, Falck & Sayles* [*Halsey Sayles,* of counsel], for the respondents.

JOHN M. KELLOGG, P. J.:

The contract of July 3, 1917, between the parties, provided that the defendant should deliver f. o. b. the cars at Arnot, Penn., a bituminous product of coal, which he was producing and selling at a certain price, the plaintiffs to sell the product and remit, the contract to be in force to May 16, 1922. It gave the plaintiff no exclusive right to handle the product. July 8, 1918, the parties entered into a contract, referring to the former contract, and providing that " the said parties have mutually agreed to the cancellation of said contract of July 3, 1917," and that in consideration of the surrender of the said contract by the plaintiffs, the defendant was to pay them $3,000 — $1,000 on the date of the contract, $1,000 September 1, 1918, and $1,000 November 1, 1918, and continues: " and the parties of the second part agree, upon receiving the said sum of $3,000, to surrender to the party of the first part the said contract, together with all their rights thereunder."

This action was brought after November 1, 1918, to recover the $2,000 unpaid on said contract. The complaint did not allege that after the due date the plaintiffs had offered to surrender the contract, but alleged that the plaintiffs had always been ready and willing to carry out their part of the agreement, and upon the trial the plaintiffs produced the contract in open court and offered to surrender it.

Whether the mutual terms of a contract are dependent, so that either party, in order to recover upon it, must show a tender of performance on his part, depends always upon the

intent of the parties as gathered from the contract itself. It is well established that where the defendant, in a mutual contract, is to pay plaintiff certain moneys on a day stated, and neglects to pay them, the plaintiff must tender or offer performance on his part as a condition precedent to his right of recovery for the defendant's alleged default. In the absence of an express provision, it will not be assumed that the one party is to pay and give credit to the other for the performance in the future, but upon making the payment he has the right to receive performance by the other party as a condition thereof. Where a contract requires contemporaneous performance, neither party can sue at law until he has, by performance or tender, put the other in default. (*Ewing* v. *Wightman,* 167 N. Y. 107.) In an action at law, an offer of performance in the pleadings, or upon the trial, is unavailing. (*Delaware Trust Co.* v. *Calm,* 195 N. Y. 231.)

We must, therefore, hold that if the contract in question required the performance by the plaintiffs of any substantial act as a condition of the performance the judgment cannot stand. If the subject of the contract was a sale of property, clearly there could be no recovery of the purchase price after the law day without an offer to deliver, as the delivery is the real consideration for the payment. The original contract creating the plaintiffs the sales agent was without surety and dependent entirely upon the production by the defendant of the product and his willingness to furnish it. If the defendant failed the only remedy was an action for damages. One thousand dollars was paid at the signing of the contract and the plaintiffs had every assurance of the payment of the $2,000 that they had that the original contract would be performed. The insolvency of the defendant might cause a loss of the $2,000, but the defendant's insolvency would have rendered the original contract of no value; therefore there was no point in keeping the original contract in force as security or otherwise for the contract of cancellation. It gave the plaintiffs no other security than the responsibility of the defendant himself. The contract in question does not provide for a release, but only speaks of a surrender, and the cancellation mentioned in the contract was evidently the only surrender intended. When the contract was executed and

the $1,000 paid, the defendant's liability and the plaintiffs' obligation under the original contract were at an end. It would be an idle ceremony for the plaintiffs to hand over to the defendant the duplicate original contract which they held; there was no way prescribed in which their rights were to be surrendered; the contract under seal surrendered the original contract and the rights of the defendant thereunder. The payment of the $3,000 in any event effectually destroyed the original contract, and no affirmative action on the part of the plaintiffs was contemplated after such payment. The statement was a mere recital of the effect of the payment. The plaintiffs were not, therefore, required to do any act as a condition of maintaining the action. The judgment should, therefore, be affirmed, with costs.

All concur, except KILEY, J., dissenting.

Judgment affirmed, with costs.