AULDA J. TREMBATH, Appellant, *v.* CHARLES M. BERNER, Respondent, Impleaded with Another.

*Pleading — sufficiency of complaint in action on promissory note, for ejectment and to foreclose vendee's equitable interest under a land contract — allegation sufficient that plaintiff is holder and owner of promissory note sued on — action may be maintained on promissory note representing part of purchase price of lands sold on executory agreement to convey in future before conveyance is due — causes of action separately stated should be read separately to determine their legal sufficiency — ejectment will not lie' when based on a purely equitable title — complaint in action to foreclose vendee's equitable rights under contract to sell should allege offer to convey — proper remedy is sale of defendant's equitable interest in lands and property to be conveyed.*

*Trembath* v. *Berner,* 208 App. Div. 822, modified.

(Argued April 1, 1925; decided May 5, 1925.)

APPEAL from a judgment, entered April 30, 1924, upon an order of. the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint.

*H. C. Stratton* for appellant.

*Edmund B. Jenks* and *Herbert C. Kibbe* for respondent.

*Per Curiam.* 1. The complaint sufficiently states a separate cause of action on a promissory note.

(a) The allegation that " the plaintiff is now the holder and owner of said note " is sufficient, without alleging the manner in which plaintiff acquired title. So long as the fact of ownership is unequivocally stated, no particular form is necessary.

(b) The fact that a promissory note represents a portion of the purchase price of lands sold on an executory agreement to convey in the future does not render the complaint defective unless it appears on the face thereof that the vendor has deferred action until the maturity of the last installment upon the payment of which a conveyance is due. (*Ewing* v. *Wightman,* 167 N. Y. 107, 111.) The court should not read the second cause of action in order to incorporate the allegations thereof into the first cause of action, which stands on its own footing.

2. The complaint does not sufficiently state a separate cause of action to recover possession of real property. It appears from the contract of sale which is made a part of the complaint, that the legal title to the premises is in a third party, and it does not appear that plaintiff is entitled to a deed thereof. The vendee in possession is, therefore, not estopped to dispute the plaintiff's title. Ejectment will not lie when based on a purely equitable title.

3. The complaint does not sufficiently state a cause of action for the purpose of enforcing plaintiff's equitable rights by foreclosure. No offer to convey is made in the complaint. (*Freeson* v. *Bissell*, 63 N. Y. 168; *Ewing* v. *Wightman, supra.*) While the specific objection was not made on the trial, it is evident that the objection could not have been obviated by an amendment of the complaint to meet the difficulty. But on a new trial it may be that plaintiff will be in a position to allege and prove such an offer.

4. The judgment of the Special Term was not in proper form. Plaintiff's equitable rights would be enforced by a sale of defendants' equitable interest in the lands and property, not by a sale of the contract of sale. But the complaint should not have been dismissed for insufficiency.

The judgment should be modified by granting a new trial and as so modified affirmed, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.