█ ROSE SINGER et al., Respondents, v. KARL MATZER et al, Doing Business as MATZER BROS., Appellants.— In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County, dated December 9, 1959, denying their motion to dismiss the complaint on the ground that there is another action pending between the same parties for the same cause (Rules Civ. Prac., rule 107, subd. 3). Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Christ and Brennan, JJ., concur.

█ DONALD SOLANO, an Infant, by His Guardian ad Litem, ANNA I. IBERGER, et al., Respondents, v. JAMES REILLY et al., Defendants, and HUBERT ANDREL, Appellant.— In an action to recover damages for personal injuries, the defendant Andrel appeals from an order of the Supreme Court, Queens County, dated September 3, 1959, denying his motion, pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings dismissing the complaint against him on the ground that, as to him, it fails to state a cause of action. Order affirmed, with $10 costs and disbursements. We do not agree with the conclusion reached at the Special Term that the affidavit of an employee of the attorney for the plaintiff and an attached excerpt from the examination before trial of a defendant, could properly be considered for the purpose of showing the existence of an issue of fact as to the ownership of an automobile involved in the accident which resulted in the infant plaintiff's injuries. The only question presented was whether the complaint sufficiently pleaded a cause of action against the defendant Andrel. It was asserted that the complaint did not because the allegation that he owned the automobile stated a conclusion of law and was not an allegation of fact. In our opinion, the allegation of ownership is sufficient (cf. *Trembath* v. *Berner,* 240 N. Y. 618), and the complaint adequately states a cause of action against the defendant Andrel. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.