Hofstadter, J. P.
(dissenting). The retail installment contract and the promissory note were part and parcel of a single transaction. Both were on the printed form of the plaintiff bank, whose name appears in print in both instruments, as the place where the monthly installments were to be paid. On the reverse side of the contract is a printed assignment by the seller to the bank of the contract and the property therein described. This assignment was executed by the seller on June 19, 1961, the same day as the retail installment contract and the contemporaneous note, whose terms conform literally with the corresponding provisions of the contract. It is self-evident that the transfer to the bank of the contract and note was prearranged and inextricably bound up with the transaction. The note and the installment contract must be read together. (Ewing v. Wightman, 167 N. Y. 107, 112; Rogers v. Smith, 47 N. Y. 324.)
The primary liability of the defendant’s testator (defendant) as a comaker of the note cannot in reason be greater than that of the buyer, also a comaker. The majority opinion seems to recognize that the plaintiff’s failure to resell the chattel in accordance with the requirements of the Personal Property Law (Fisk Discount Corp. v. Brooklyn Taxicab Transp. Go., 270 App. Div. 491) discharged the buyer’s liability on the note. (Personal Property Law, § 80-d; Brosnan v. Benjamin, 259 App. Div. 937.) It was expressly so held in Brosnan v. Benjamin, just cited, which was an action on a note given in part payment of the purchase price pursuant to a conditional sales contract, and not on the contract. The defendant’s liability here was at most the same as the buyer’s and the latter’s discharge equally discharged the defendant. Aside from the inherent incongruity of *903 ruling that the liability of one comaker of a promissory note differs from that of another who signed in the same capacity, to impose liability on the defendant when the buyer for whose benefit he became a comaker is no longer liable on the note is unrealistic and does violence to the clear intention of the parties. It wholly ignores the inseparability of the note from the contract, though the defendant was not formally a party thereto, and takes no account of the actualities of the situation. The result is, in my opinion, not warranted in law and unjust. I, therefore, dissent and vote to reverse and to dismiss the complaint.
Tilzer, J., concurs; Hofstadter, J. P., dissents in opinion.
Judgment and order reversed, etc.