STEPHEN FREESON et al., Respondents, *v.* AMOS A. BISSELL, Appellant.

In an action by a vendor to enforce an alleged equitable lien for unpaid purchase money under a contract for the sale of lands, it is no defence that a tender of a deed was not made by plaintiff before suit brought. The action is in effect an equitable one to enforce the contract, and in such case such tender is not required.

Whether a claim for unpaid purchase money under such a contract can be enforced as an equitable lien, *quære.*

An objection that no offer to convey was made in the complaint, if not raised upon the trial, is not available upon appeal.

(Argued October 7, 1875; decided November 9, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiffs, entered upon a decision of the court at Special Term.

This action was brought to enforce by sale, as in case of

foreclosure, an alleged equitable · lien for unpaid purchase money under a contract for a sale of land.

In July, 1865, the parties entered into a contract by which plaintiffs agreed to sell to defendant certain premises situate in Oneida county for $1,150, $500 of which was paid down and the balance of which defendant agreed to pay one year from date, upon receipt whereof plaintiffs agreed to execute and deliver a deed. Defendant did not pay the balance. At the close of the evidence defendant's counsel moved for a nonsuit on the ground that there was no tender of a deed or offer to convey before suit brought, which motion was denied, and defendant's counsel duly excepted.

The court found as conclusions of law, that the unpaid balance of the purchase money, with interest, was a lien upon the premises, and that plaintiffs were entitled to a foreclosure and sale. Judgment was directed that unless the amount due was paid within thirty days from entry and notice of judgment that the premises be sold as on a foreclosure sale.

Judgment was entered accordingly.

*C. W. White* for the appellant. Plaintiffs could not bring this action without first tendering to defendant a deed. (Perry on Trusts, § 234; *Borst* v. *Cory*, 15 N. Y., 508, 510.)

*F. G. Fincke* for the respondents. Upon the execution of the contract defendant obtained the equitable title to the land, subject to the lien of the vendor for the purchase money. (15 Ves., 329; 6 J. Ch., 398; Story's Eq., § 1218.) A land contract may be foreclosed to enforce the lien of the purchase money. (*Bradley* v. *Bosby*, 1 Barb. Ch., 125, 152; *Dubois* v. *Hull*, 48 Barb., 26; *Tompkins* v. *Seeley*, 29 id., 212; *Fisk* v. *Potter*, 2 Keyes, 64, 69; *Champion* v. *Brown*, 6 J. Ch., 398, 404; *Clark* v. *Hall*, 7 Paige, 382; *Garson* v. *Green*, 1 J. Ch., 308; *Leggett* v. *Edwards*, Hopk., 530, 546; 4 Kent's Com., 154; Will. Eq., 301.) No tender is necessary where a suit is brought to enforce a contract still in force or the rights thereunder. (*Stevenson* v. *Maxwell*, 2 N. Y.,

408; *Beecher* v. *Conradt*, 13 id., 108.) No tender was necessary to maintain this action. (*Bruce* v. *Tilson*, 25 N. Y., 194; *Stevenson* v. *Maxwell*, 2 id., 408; *Hotaling* v. *Hotaling*, 47 Barb., 163; 44 id., 138; 53 id., 155; 7 id., 74; 34 id., 352; 13 N. Y., 108; *Wright* v. *Moore*, 21 Wend., 230.) The denial of indebtedness in defendant's answer was a waiver of the tender. (6 N. Y., 596; 5 id., 528; 6 Barb., 273; 12 id., 146; 20 id., 514.)

MILLER, J. This action was brought to foreclose an equitable lien for the purchase-money under a contract for the sale of lands. The only question which was raised upon the trial and is presented by the exceptions is, whether a tender of a deed of the land by the plaintiffs to the defendant, before suit was brought, was necessary to enable the plaintiffs to maintain the action. The plaintiffs had a right to file a bill for the specific performance of the contract without making a tender of a deed before the commencement of an action. But in such a case they should have made an offer in the complaint to execute a conveyance, and the omission to make an earlier tender could only affect the question of costs. In *Bruce* v. *Tilson* (25 N. Y., 194) it was held that a party entitled to a conveyance upon request might bring his action for a specific performance without request, and that a previous demand was only important on the question of costs.

In the same case it was said that in order to put a party in default, where the covenants were· dependent so as to subject him to an action at law, there must be a tender and demand of performance. This is upon the ground that there is a rescission of the contract; and the same principle is applicable to an equitable action where such rescission is sought.

This rule does not apply where a suit in equity is brought to enforce a contract; and it was said by ALLEN, J., " where such right " (to a specific performance) " exists it may be enforced in equity without a previous request or demand. The contract not making a request or demand essential to the right of the vendor to enforce performance the law does

not annex it as a condition, and it is sufficient if he offer to perform in the bill of complaint and is able to perform at the time of the final decree."

In *Stevenson* v. *Maxwell* (2 N. Y., 409) where, in a contract for the sale of lands, the purchase money was to be paid on a particular day and neither party performed or offered to perform on that day, it was held that neither party could maintain an action at law upon the contract; and that in such a case either party may claim a specific performance in equity making the offer incumbent upon him in the bill; and the failure to make a tender before the commencement of the action, only could affect the question of costs.

Applying the rule laid down to the case now presented, it would seem that it is no defence to the action that a tender of performance was not made before suit brought. It is true that the plaintiffs in their complaint do not make an offer to perform. But this was not objected to upon the trial; and if it had been the objection could have been obviated by an amendment of the complaint to meet the difficulty.

As the judgment may be upheld for the reasons stated, it is not important to consider the application of the doctrine laid down in Perry on Trusts (§ 234), which it is claimed is in point.

Without considering the question whether a party can by action enforce, as an equitable mortgage, a claim for the unpaid purchase money upon an executory contract for the sale of land where he has the legal title, and upon default of payment an election of remedies, either by ejectment to recover the premises, or an action for the amount due on the contract, for the reason that it was not made in the court below, we think that the judgment should be affirmed, with costs.

All concur; ALLEN, J., concurring in result.

Judgment affirmed.