Barker, J.
No personal judgment was awarded against the defendant, consequently no right of his was affected by the judgment unless there was a valid and subsisting contract between the parties by the terms of which the *462 defendant had an equitable interest as purchaser in the lands described. The title to the lands was vested in the plaintiff. The action was in the nature of proceedings in rem, therefore, the decree was harmless so far as the defendant was concerned, if the written agreement was void on the ground of uncertainty because the blank was not filled with the amount of the purchase money to be paid by the defendant. The trial court found as a fact that it was one of the terms of the agreement that the defendant, in addition, to assuming the mortgages upon the premises, was to pay to the plaintiff the further sum of $1,057.27 as part of the purchase money. .1 think the evidence fairly' supports this finding.
It is alleged in the complaint, that the blank left in the contract executed by the parties was intended by them to be filled with the sum to be paid by the defendant; at the time of the execution of the contract this was omitted by reason of neglect or' mistake. This aEegation as set forth in the complaint the defendant did not deny in his answer. It is the position of both of the parties that there was a valid written agreement for a sale of the premises by the plaintiff, and a purchase of the same by the defendant, and the controversy upon the trial and on this appeal is as to their respective rights under the same. They do not agree as to the sum which should be inserted in the blank left in the contract.
Upon the facts as found, the judgment should be upheld as just and equitable in all of its provisions, and as fully protecting every right and interest secured to the defendant under the contract. The sale of one of the parcels, with the consent of both parties, subject to the Selden mortgage which also was a lien upon the parcel unsold as between the purchaser and the parties to this action makes that parcel the primary fund out of which that mortgage is to be paid, and as the owner of the parcel sold is not a party to this -action the decree properly provides and makes it a condition to granting any relief to tne plaintiff that he should procure a release of the Seldon mortgage as a hen on the premises in question. Should the premises fail to sell for a sum sufficient to pay the Selden mortgage, then the defendant, by virtue of his covenant contained in the agreement with the plaintiff, would be under a personal obligation to the holder of the Selden bond and mortgage to pay the deficiency. But that is no reason why the plaintiff is not entitled to the decree awarded him in this action, for the reason, that as between himself and the plaintiff he assumed the obligation to pay that mortgage in full, and relieve the plaintiff from his obligation to pay the debt secured thereby, and to pay the plaintiff a further sum in *463 addition, and by the terms of the decree the surplus moneys, if any remain after paying the amount fixed by the decree, are to be paid over to the defendant.
The vendor of lands prior to the conveyance to the vendee holds the legal title in trust for the benefit of the latter. By the doctrine of equitable conversion the vendor’s interest under the contract is treated as personal estate, and the vendee’s interest as real estate which descends to his heirs. The vendor holds the legal title as a security for the performance of the vendee’s obligation and as his trustee subject to such performance. In equity the vendor is regarded as having a lien upon the premises for the unpaid purchase money, although as a vendor before a conveyance has the legal title there is no need of saying that he has a lien, as his title is more efficient security since the vendee cannot affect it by a transfer or transaction even of any bona fide purchaser. Pomeroy’s Eq. Jur., vol. 3, §§ 1260-1263, and the cases cited.
The appellant presents and urges the point that the plaintiff was not entitled to relief for the reason that the vendor did not tender him a deed of the premises prior to the commencement of this action. This he was not required to do. In an action by a vendor to enforce an alleged equitable hen for unpaid purchase money under a contract for a sale of the lands, it is no defense that a tender of a deed was not made before suit brought. The action is in effect an equitable one to enforce a contract, and in such a case a tender is not required. Freeson v. Bissel, 63 N. Y., 168. By the terms of the executory contract all the purchase money was to be paid in full before the plaintiff was required to part with the title. So if this had been an action at law founded upon the defendant’s promise seeking a personal judgment against him the plaintiff could have recovered the sum then due as other installments would thereafter mature, and the right of action was not dependant upon a conveyance being made by the vendor. But here no personal judgment was demanded or awarded against the defendant. A portion of the purchase money was unpaid and the plaintiff sought to enforce its payment by foreclosing a lien which the law gave him upon trust property.
The other point made by the appellant, that the plaintiff could not maintain this action for the reason that prior to this action he had caused the Selden mortgage to be released from the premises, is without merit. The defendant agreed to pay that mortgage in full as it became due, and the plaintiff did not promise to procure its discharge, nor was' his right to the purchase money that was to be paid to him made to him made dependent upon procuring the release. In view of the terms of the sale, this court prop *464 erly made it a condition that a release should be procured by the plaintiff before any steps should be taken to enforce the decree, and this was so ordered with a view of relieving the defendant and protecting his rights..
The respondent admits that a mistake was made in ascertaining the amount of taxes in the sum of $119.23? and upon reviewing the calculations of the respective parties as to the amount due, and after reading the evidence we are unable to discover any other error.
The respondent also complains that it is unfair and inequitable to charge the funds with the costs of the action. There is no ground for the complaint. It is usual in foreclosing hens upon property to charge the fund with the cost of foreclosure, unless some sufficient reason is shown why the lienor should not receive the protection of having his reasonable costs and expenses paid so that he may fully realize his debt if the property is sufficient for that purpose.
The judgment is modified by deducting from the sum found due the plaintiff the sum of $119.23, as of the date of the decree, and as modified affirmed with costs. .
All concur.