Van Wyck, J.
On October 24, 1861, one Wright Davis, agreed to sell to one George G. Andrews, certain real estate and conveyed the same to Andrews on the payment of the purchase' price on a day named. Wright Davis died in 1869, leaving him surviving the defendants, his only heirs against whom this action was brought by George G. Andrews in 1872, for the specific performance of such agreement.
May 1st, 1873, George G. Andrews assigned all his interest in said contract to the present plaintiff John Andrews. George G. Andrews thereafter died, to wit, in 1877, and thereafter, Dec. 24, 1885, by order of this court, this action was revived in the name of John Andrews, and Hannah Cox, as administratrix, was made a defendant therein. At the trial of the action before the court without a jury, the plaintiff rested after putting in his proofs and the court on motion of defendant, dismissed the complaint on the ground that plaintiff had failed to prove that George G. Andrews had tendered the purchase money to Wright Davis and his refusal to convey to Andrews. It seems to be settled that where, in a contract for sale of lands, the purchase money was to be paid on a particular day and neither party performed or offered to perform on that day, that neither party could maintain an action at law upon the contract, but that in such case either party may claim a specific performance in equity, making the offer incumbent upon him in the complaint for specific performance. That the failure to make tender of performance before the commencement of the action will influence the question of costs. Freeson v. Bissell, 63 N. Y., 168; Stevenson v. Maxwell, 2 N. Y., 409; Bruce v. Tilson, 25 N. Y., 194.
We think the court below erred in the dismissal of the complaint solely on this ground without a consid ration of the case on the merits. This renders an examination of the other exceptions unnecessary.
Judgment reversed. New trial ordered with costs to abide the event.
REYNOLDS, J., concurs.