James S. Glenn, Respondent, *v.* Charles Rossler, Appellant, Impleaded with Richard R. Ditzel.

1. Contract for Sale of Real Property — Relation of Covenants. The intention of the parties, when properly ascertained, is to control in determining the question of the dependence or independence of the covenants in a contract for the sale of real property.

2. Dependent Covenants for Payment and Conveyance — Failure to Convey — Recovery by Vendee of Installments Paid. A contract for the sale of land provided for the payment of certain installments by the vendee; that after such payments were fully made, the vendor should execute and deliver a sufficient deed and search; and that at the time the deed was delivered, the vendee should deliver a mortgage for the balance of the purchase price. On the day fixed for final payment the vendee, having theretofore made certain payments on the antecedent installments, tendered the vendors the amount required to make up the sum of payments due when a deed was to be delivered; the vendors were then unable to give title and asked an extension of time for delivery of the deed; the vendee declined, and demanded a deed upon that day, which was not given; he thereupon demanded a return of the money

21

paid and, on refusal, brought an action at law against the vendors to recover the payments of purchase money made. *Held,* that the inference to be drawn from the whole agreement was that the payment due on the day fixed for the final payment, and the giving of a deed were intended to be dependent and concurrent acts; that, consequently, the payment of the entire amount due was not a condition precedent to the right of the vendee to a conveyance, or upon default to rescind the contract; and, ·hence, that he was entitled to recover the purchase money paid.

*Glenn* v. *Rossler,* 88 Hun, 74, affirmed.

(Argued May 3, 1898; decided June 7, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered June 26, 1895, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial. .

· While the action as originally commenced included other purposes, it was finally treated simply as an action at law by the vendee of real property to recover the payments of purchase money made to the vendor. The property, which was the subject of the sale, consisted of about one hundred and twenty-five acres of land located in the town of Tonawanda, Erie county, N. Y. On March 11, 1893, a contract was entered into between the defendants and the plaintiff by which the former agreed to sell the latter the premises mentioned for the price of $138,347, to be paid as follows: One thousand dollars seven days from the date of the contract, five thousand dollars April 15, 1893 ; ten thousand dollars, July 1, 1893 ; ten thousand dollars October 1, 1893, with interest at the rate of six per cent on all sums from time to time remaining unpaid, payable at the time of each payment. Then followed this provision: "The party of the first part shall, after the payments mentioned herein are fully made on this contract, at their own proper cost and expense, execute and deliver to the said party of the second part, a good and sufficient warranty deed of said premises, and at the time deliver to the second party a tax and title search made by one of the guaranty search companies of the city of Buffalo, showing good and perfect title, and at the time

deed to said premises is executed and delivered by the first parties to the second party, the party of the second part agrees to execute and deliver to first parties, a bond and mortgage for the sum of one hundred and twelve thousand two hundred and thirty-seven ($112,237) dollars, due and payable six years from October 1st, 1892, with interest at the rate of 6 per cent per annum, payable semi-annually." The agreement contained a provision for the release of a portion of the premises from the lien of the mortgage upon certain payments being made, and then provided that the total price of the land was to be determined at the rate of eleven hundred dollars per acre, or a portion of an acre, the amount of which should be ascertained by an actual survey of the premises by a competent engineer.

The property was owned by Henry Landel in his lifetime, who left a will by which he devised it to his widow, Mary E. Landel, for her life and upon her decease to his children in fee. He left eleven children, five of whom were infants. The six adults quitclaimed their interest to their mother. Shortly before the death of Henry Landel, the defendants made an agreement with him to purchase the property and paid fifty dollars to apply thereon. After his death the defendants continued their negotiations for the premises with Mrs. Landel, and paid an additional sum of fourteen hundred and fifty dollars. A contract was drawn between them by which she agreed to convey the land for one thousand dollars an acre. That contract was in many respects similar to the contract in suit. When the latter was made, the defendants had no title to the premises and no interest in them, except under the contract with Mrs. Landel. While she was in a position to transfer six-elevenths of the property, the remaining five-elevenths she was unable to convey, and the title could only be obtained by proceedings for the sale of infant's real estate. Such proceedings were commenced, but were not concluded until long after this action was begun, and even then she failed to acquire the title to the five-elevenths owned by her infant children.

The plaintiff paid on his contract one thousand dollars, March 17, 1893; five thousand dollars April 15, 1893, and seven thousand dollars July 3, 1893. There was a subsequent agreement between the parties by which the payment of the remaining three thousand dollars due July first was postponed until October first of that year. October first was Sunday. On the preceding day the parties met and agreed that the contract should be performed on Monday. Upon that day they again met and the plaintiff tendered to the defendants the sum of seventeen thousand three hundred and thirty dollars, which was the balance required to make up the sum of the payments due when a deed was to be delivered and a mortgage executed. When that tender was made, the defendants were unable to give the plaintiff title and asked him to extend the time for the delivery of the deed. The plaintiff declined and demanded a deed upon that day, which was not given. On the next day he demanded a return of the purchase price paid. The defendants refused to repay it, and several days after this action was commenced.

*Frank R. Perkins* for appellant. Plaintiff's promise to pay $10,000 and interest October 1, 1893, and defendants' promise to thereafter give a deed were "independent" covenants; payment was to precede the giving of the deed. (*Morris* v. *Sliter*, 1 Den. 59; *Meriden Britannia Co.* v. *Zingsen*, 48 N. Y. 247; *Kirtz* v. *Peck*, 113 N. Y. 222; *Loud* v. *P. L. & W. Co.*, 153 U. S. 564; *Eddy* v. *Davis*, 116 N. Y. 247.) The interpretation of the promise as to the time of the giving of the deed depends upon the sense in which the words were used, to be determined from the relation of the parties and the surrounding circumstances, and was a mixed question of law and fact which it was error to take from the jury. (*White* v. *Hoyt*, 73 N. Y. 505; *First N. Bank* v. *Dana*, 79 N. Y. 108; *Kenyon* v. *K. T. & M. M. A. Assn.*, 122 N. Y. 247; *Stokes* v. *Mackay*, 140 N. Y. 640; *Trustees of East Hampton* v. *Vail*, 151 N. Y. 463.) Even if it could be held that the covenants were dependent, yet when the plain-

tiff procured an extension of time to make his payments, with the understanding that the defendants would require the plaintiff's money to apply it on the Landel contract before they could get a deed from Mrs. Landel, and consequently before they could deed to Glenn, he acquiesced in that understanding, assented to it, and could not thereafter legally refuse to make payment prior to receiving his deed. (*Thomson* v. *Poor*, 147 N. Y. 402.)

*Tracy C. Becker* for respondent. Defendant's motion for a nonsuit and his requests to charge based upon the ground that plaintiff was obliged by the contract to actually pay over the money due October 1, 1893, and to wait a reasonable time to receive the deed, were all properly denied. (*Lawrence* v. *Taylor*, 5 Hill, 115; *Bigler* v. *Morgan*, 77 N. Y. 312, 318; *Eddy* v. *Davis*, 116 N. Y. 247; *Conger* v. *Weaver*, 20 N. Y. 140; *Leggett* v. *M. L. Ins. Co.*, 53 N. Y. 394; *Northridge* v. *Moore*, 118 N. Y. 419; *Burwell* v. *Jackson*, 9 N. Y. 535; *Moore* v. *Williams*, 115 N. Y. 586–598; *Schmidt* v. *Reed*, 132 N. Y. 113; *Mack* v. *Putchin*, 42 N. Y. 167; *Margraf* v. *Muir*, 57 N. Y. 155; *Pumpelly* v. *Phips*, 40 N. Y. 60; *Van Campen* v. *Knight*, 63 Barb. 205; *Ziehen* v. *Smith*, 148 N. Y. 558; *Hudson* v. *Swift*, 20 Johns. 24; *Fuller* v. *Hubbard*, 6 Cow. 13; *Green* v. *Green*, 9 Cow. 47; *Hartley* v. *James*, 50 N. Y. 38; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328; *Tamsen* v. *Schaefer*, 108 N. Y. 604.) The theory or claim of defendants, that plaintiff was bound to wait a reasonable time for them to get title, is of no avail in this action. (*Myers* v. *De Mier*, 52 N. Y. 647; *Schmidt* v. *Reed*, 132 N. Y. 113; *Eddy* v. *Davis*, 116 N. Y. 247; *Beecher* v. *Conradt*, 13 N. Y. 108; *Pordage* v. *Cole*, 1 Saund. 320b.)

MARTIN, J. That the defendants had no title to the premises, and were unable to convey them to the plaintiff when a deed was demanded, are undisputed. Whether the covenants in the agreement in suit on one hand to pay, and on the other to give a deed, were concurrent and dependent so far as the

payments to be made on the first of October were concerned, or, whether they were independent, and the payment of the entire amount then due was a condition precedent to the right of the plaintiff to a conveyance of the property, or upon default to rescind the contract, is practically the only question in this case. The contention of the appellant is, that all the provisions of the contract relating to the payment of that portion of the consideration constituted independent covenants which the plaintiff was required to fully perform by paying the entire amount before he became entitled to a deed, and it was only within a reasonable time after such payments were made that the defendants were required to give him a conveyance of the property. As sustaining that contention the plaintiff relies chiefly upon the language of the contract. It is to be observed that it, in terms, provides that after the payments mentioned are fully made, the defendants shall execute and deliver a sufficient deed of the premises, and "at the time" deliver a tax and title search, and that "at the time" the plaintiff should execute and deliver a mortgage to the defendants. The appellant claims that this language should be construed as not requiring the delivery of the deed until a reasonable time after the payments were made, and as sustaining that claim, he cites the cases of *Morris* v. *Sliter* (1 Denio, 59); *Meriden Britannia Co.* v. *Zingsen* (48 N. Y. 247); *Kirtz* v. *Peck* (113 N. Y. 222), and *Loud* v. *Pomona Land and Water Co.* (153 U. S. 564). The language in the contract under consideration in *Morris* v. *Sliter* was very similar to that contained in this agreement, and it was there held that the plaintiff was not required to convey at the time of receiving the last payment, but must do so within a reasonable time after it was made. That case has been several times cited in the authorities to which the appellant refers, and in those particular cases a similar doctrine has been held. These authorities seem to some extent, at least, to sustain the contention of the appellant. But, upon an examination of the cases, it will be observed that in each case the decision was based upon the

ground that it was the intention of the parties that the payment should precede the giving of the deed. The intention of the parties, when properly ascertained, must doubtless control in this case as in others involving the construction of written contracts. Moreover, in many of the subsequent cases a principle adverse to that contended for by the appellant has been applied. Thus, in *Eddy* v. *Davis* (116 N. Y. 247), an executory contract for the sale of real estate was under consideration. There the vendee covenanted to pay the purchase money in installments, and the contract provided that, upon receiving a part of the consideration named, the vendor should execute and deliver a deed. It was held that the covenants for payments which were due before the time of the conveyance were independent, but that after the time of conveyance the payment and conveyance became dependent and concurrent acts, and that an action was not maintainable to recover a part of the purchase price without proof of a tender of the conveyance before suit brought. *Grant* v. *Johnson* (5 N. Y. 247) is to the effect that a covenant in such a contract which goes only to a part of the consideration is not necessarily independent, nor is it conclusive in this respect that the consideration is divisible in its own nature, or that a part of it has been received ; nor will the circumstance that one or more covenants in an agreement are independent render others so, but the dependence or independence of such covenants is determined by the order of time in which by the terms and meaning of the contract their performance is to be required. In *Beecher* v. *Conradt* (13 N. Y. 108), which involved the construction of a contract for the sale of land, the purchase price was payable in installments, and it was held that when the last installment became due, the payment of the whole of the unpaid purchase price and the conveyance of the land became dependent acts. In *James* v. *Burchell* (82 N. Y. 108), a contract for the sale of real property contained a covenant for the erection of houses thereon, and provided that upon the price being paid either in cash or the bonds of the vendee secured by mortgages on

the premises, the plaintiff should convey, and it was held that the covenants were dependent and the execution of the mortgages or payment was to be simultaneous with the giving of the deed.

While an examination displays a want of harmony in the authorities upon this question when particular cases are examined and compared, yet it is quite obvious that they all recognize the principle that the intention of the parties is to control in determining the question of the dependence or independence of the covenants in such contracts. In the language of Lord MANSFIELD, in *Kingston* v. *Preston* (2 Douglass, 690): "The dependence, or independence, of covenants, was to be collected from the evident sense and meaning of the parties, and that, however transposed they might be in the deed, their precedency must depend on the order of time in which the intent of the transaction requires their performance." Hence, the real question to be determined in this case, upon a reading of the entire contract between the parties, is whether it was their intention that the payments which were due October first, and the delivery of the deed, were to be simultaneous and concurrent acts. The rule, as stated by THOMPSON, J., in *Bank of Columbia* v. *Hagner* (1 Peters, 455, 464) is that, "in contracts of this description, the undertakings of the respective parties are always considered dependent, unless a contrary intention clearly appears. A different construction would, in many cases, lead to the greatest injustice, and a purchaser might have payment of the consideration money enforced upon him, and yet be disabled from procuring the property, for which he paid it." An application of these principles renders it quite evident that although a literal reading of a portion of the agreement may tend to sustain the contention of the appellant, still, when the whole agreement is read and properly construed the payments due October first, and the giving of the deed were intended to be dependent and concurrent acts. The plain inference to be drawn from all its provisions is that the deed was to be executed and delivered at the time of the payment of the amount due October first. No

fair reading of it would justify the conclusion that the payment of the entire consideration then due, amounting to many thousands of dollars, was to precede the transfer of the title.

We think the trial court properly decided this case, and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.