APPEAL—LIMITATIONS—ENTRY OF JUDGMENT—SERVICE OF COPY—DEFECTS IN COPY.

The abbreviation of the word "Thomas" to "Thos.," in the clerk's signature upon the copy of the judgment served upon defendant's attorney, is insufficient to invalidate the notice of entry of judgment, so as to preclude that notice from setting in motion the time within which an appeal from the judgment must be taken.

Appeal from City Court of New York, Special Term.

Action by Yetta Salzman against Adolf Mandel. From an order denying a motion to compel plaintiff's attorney to accept notice of appeal, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Joseph Wilkenfeld, for appellant.
Otto Horwitz, for respondent.

BLANCHARD, J. This is an appeal by the defendant from an order denying defendant's motion to compel the plaintiff's attorney to receive and accept a notice of appeal from a judgment in this action. The notice of appeal was returned upon the ground that it was served after the time to appeal had expired. The defendant seeks relief from the default upon the ground that the notice of entry of judgment, as served upon him, was defective and insufficient to start running the time within which to appeal. The sole defect relied upon is that, while the judgment is signed "Thomas F. Smith, Clerk," the copy served upon defendant's attorney is signed "Thos. F. Smith, Clerk."

The simple abbreviation of the word "Thomas" to "Thos.," in the clerk's signature upon the copy judgment served upon the defendant's attorney, seems, alone, insufficient to invalidate the notice of entry from which to start running the time to appeal. Gabay v. Doane, 38 Misc. Rep. 661, 78 N. Y. Supp. 224, upon which the defendant relies, is distinguishable, in that two other mistakes occurred in the copy judgment. See, also, Falker v. Railroad Co., 100 N. Y. 86, 2 N. E. 628; People v. Keator, 101 N. Y. 610, 3 N. E. 903.

Order affirmed, with costs and disbursements. All concur.

---

(48 Misc. Rep. 570.)

### HUNT et al. v. LAKE et al.

(Supreme Court, Special Term, Jefferson County. November, 1905.)

VENDOR AND PURCHASER—FORECLOSURE OF VENDOR'S LIEN—COMPLAINT.

A contract for the sale of land provided that the deed should be delivered on payment of the contract price. The vendor's executors sued to foreclose the lien for the purchase money and for deficiency against the vendee. *Held*, that as the payment of the price and the delivery of the deed were concurrent conditions, failure of complaint to allege a tender of the deed before action brought or of an offer to convey rendered the complaint demurrable.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 784.]

Action by Volney O. Hunt and Allen E. Kilby against Elmer Lake and others. Demurrer to complaint. Sustained.

Kilby & Norris, for plaintiffs.

Milton Carter, for defendants.

WRIGHT, J. This action is brought by the executors of William Hunt, deceased, to foreclose an equitable lien for the purchase money under a contract for the sale of lands, and for a deficiency judgment against the defendant Elmer Lake. Said contract was made by the plaintiffs' testator as vendor, and one Wolsey Glasby since deceased and Elmer Lake defendant herein, as vendees, on March 29, 1900. The purchase price was $1,000 payable on or before one year from the date of the said contract with interest. The deed was to be delivered under the contract on payment of the contract price and interest. By its terms the contract bound the executors of the respective parties. Two payments appear to have been made on the purchase price. The one on July 2, 1900, of $215; the other on July 16, 1903, of $150, leaving $877.56 past due and payable.

The defendants demur to the complaint, on the ground that it fails to allege a tender of a deed of land made before action brought, or an offer to convey, and also that it fails to allege that the plaintiffs have title to the land and are ready, able, and willing to convey. The plaintiff urges that since the contract of sale reads, "On payment of the contract price and interest he [vendor] would execute and deliver a warranty deed of the said premises," the payment of the money was a condition precedent to the delivery of the deed, and that said obligations are independent, and therefore the allegations of tender or offer to convey are unnecessary. I think the conditions in the contract are concurrent as to time and dependent; and that an offer to convey should have been alleged in the complaint. The payment of the purchase money and the delivery of the deed were intended by the parties to take place at the same time. This, according to common knowledge, is the universal practice in such business transactions, and doubtless was so intended by the parties.

"The determination of the question what are and what are not dependent covenants is not one free from difficulty, and many of the cases are so irreconcilable that they are studied with little profit or assistance to the judgment. Each case must be determined by the cardinal rule of interpreting all contracts, viz., to ascertain the intention of the parties to the agreement." Brown, J., in Eddy v. Davis, 116 N. Y. 247, 22 N. E. 362. "Although many nice distinctions are to be found in the books upon the question, whether the covenants or promises of the respective parties to the contract, are to be considered independent or dependent; yet it is evident, the inclinations of courts have strongly favored the latter construction, as being obviously the most just. The seller ought not to be compelled to part with his property, without receiving the consideration; nor the purchaser to part with his money, without an equivalent in return." Bank of Columbia v. Hagner, 1 Pet. (U. S.) 455, 7 L. Ed. 219.

The words "on payment" and kindred expressions are held to indicate concurrent conditions in the following cases: Culver v. Burgher, 21

Barb. 324, was an action upon a note due immediately, given for the purchase price of land upon foreclosure, under an agreement that "on payment" of said note the maker was to have the title to the land. The court said:

"The promises or undertakings were mutual and dependent, and the title to the land, and the payment of the money were to be simultaneous acts. The plaintiff should have caused the proper papers to be prepared for perfecting the title in him, and should have tendered them to the defendant before bringing his action upon the note. * * * When the deed is to be given on or upon the payment of the consideration, the acts of paying and conveying are concurrent acts."

In Courtright v. Deeds, 37 Iowa, 503, 508, it was held in a contract of subscription the words, "Provided that upon such payment there shall be delivered a certificate of stock," etc., indicated a state of dependence; a tender of the stock would be prerequisite to a suit for the subscription. In Hill v. Grigsby, 35 Cal. 658, the instrument provided that the plaintiff should convey "as soon as" the purchase money was paid. In Bohall v. Diller, 41 Cal. 532, the terms of the contract were that the plaintiff "upon the payment of the purchase money was to convey." These stipulations were held to be dependent covenants and that neither party could sue without performing, or an offer to perform on its part. These cases were approved by the United States Supreme Court in Loud v. Pomona Land & Water Co., 153 U. S. 564, 14 Sup. Ct. 928, 933, 38 L. Ed. 822.

Where the whole of the purchase money or an installment thereof has become due and the conveyance of the land is to be made on its payment, the payment of the money and the conveyance of the land are held to be dependent acts. The following cases are illustrative of this principle. In Johnson v. Wygant, 11 Wend. 48, where the consideration money payable in installments was due before the bringing of the action, the court say:

"The defendant covenanted to pay the plaintiff for the land, $155 in three equal annual payments from date, with interest annually on the whole sum, until paid; 'and upon the payment thereof [the covenant proceeds], I am to receive from said Johnson a good warranty deed of said land.' The payment of the last installment, on the whole consideration money, and the giving of the deed, were to be concurrent acts. Upon the payment of the money, the deed was to be given."

See, also, Parker v. Parmele, 20 Johns. 130, 11 Am. Dec. 253; Glenn v. Rossler, 156 N. Y. 161, 50 N. E. 785.

In Beecher v. Conradt, 13 N. Y. 108, 64 Am. Dec. 535, the contract was to pay in five payments, and, upon the express condition of the payments, the deed to the land was to be executed and delivered. No installment having been paid, an action was brought for the whole purchase money. There was no averment or proof of a tender of a conveyance, or of a readiness or willingness to convey. The court held that while the covenants to pay each installment were originally independent and the plaintiff had a right to sue for each installment as they severally became payable, yet when the last installment became due, the payment of the whole of the unpaid purchase money and the conveyance of the land became dependent acts and that the plaintiff was not en-

titled to recover without proving an offer before suit brought to convey the land to the defendant on receiving the purchase price.

Ewing v. Wightman, 167 N. Y. 107, 60 N. E. 322, was an action to recover on notes given to represent deferred payments for certain lands, which by contract were to be conveyed "on payment in full of the purchase money at the time, and in the manner hereinbefore set forth." It was held that the agreement to convey and the agreement to pay the purchase money were concurrent in time and dependent. That no action on the notes could be maintained because no tender of conveyance had been made. In Eddy v. Davis, 116 N. Y. 247, 22 N. E. 362, the vendee covenanted to pay the purchase money in installments, and the contract provided that upon receiving a part of the consideration named, the vendor should execute and deliver a deed. It was held that the covenants for payments which were due before the time of the conveyance were independent, but that after the time of conveyance the payment and conveyance became dependent and concurrent acts and that an action was not maintainable to recover a part of the purchase price without proof of a tender of a conveyance before suit brought. The court say:

" 'Parties of the first part agree, on receiving the sum of $800 * * * that they will execute and deliver * * * a sufficient deed.' We think the intent of the parties is plainly inferable from the language used, that this was a covenant on plaintiff's part to convey at the time and under the circumstances mentioned. * * * We think there is no doubt the intention was to deliver the deed of the property when $800 of the purchase money was paid."

In Frey v. Johnson, 22 How. Prac. 316, where the deed was to be executed on April 1st, provided and upon condition that the defendant should pay $4,000 on that date and the remaining sum on July 1st, the court say:

"The parties were mutually bound—the one to convey and the other to pay on the 1st of April. The covenant by plaintiff to deliver the deed and by the defendant to pay and secure the purchase price were dependant covenants. The words 'provided and upon condition' do not render them other than dependent. * * * In such case, when the delivery of the deed by one party and payment by the other are dependent, the one on the other, neither party can maintain an action for a breach without showing performance or an offer to perform on his part."

In Glenn v. Rossler, supra, Judge Martin says:

"While an examination displays a want of harmony in the authorities upon this question when particular cases are examined and compared, yet it is quite obvious that they all recognize the principle that the intention of the parties is to control in determining the question of the dependence or independence of the covenants in such contracts. In the language of Lord Mansfield, in Kingston v. Preston, 2 Doug. 690: 'The dependence, or independence, of covenants, was to be collected from the evident sense and meaning of the parties, and that, however transposed they might be in the deed, their precedency must depend on the order of time in which the intent of the transaction requires their performance.' Hence the real question to be determined in this ease, upon a reading of the entire contract between the parties, is whether it was their intention that the payments which were due October 1st, and the delivery of the deed, were to be simultaneous and concurrent acts. The rule, as stated by Thompson, J., in Bank of Columbia v. Hagner, 1 Pet. 455, 464 [7 L. Ed. 219], is that, 'in contracts of this description, the undertakings of the respective parties are always considered dependent, unless a

contrary intention clearly appears. A different construction would, in many cases, lead to the greatest injustice, and a purchaser might have payment of the consideration money enforced upon him, and yet be disabled from procuring the property, for which he paid it.' "

In the present case the purchase money was due and payable on or before one year from the date of the contract, and "on payment" of the purchase price the deed was to be delivered. The balance of the purchase price is now due and unpaid, and this action is brought to foreclose the vendees' rights under the contract of sale. The agreements of the contract come fairly within the principal of concurrent conditions, as expounded by the authorities above. It remains to inquire as to the effect of the failure to make an offer in the complaint to execute a conveyance, and to set up in the complaint an averment of a willingness to convey. The general rule is, as we have seen above, that where the conditions in a contract are mutual and dependent, neither party can maintain an action at law against the other until he has performed or tendered a performance on his part of the agreement before action brought. See Baylies, Code Pl. and Pr. (2d Ed.) 187. This rule, however, appears to have been somewhat relaxed in cases brought to foreclose equitable liens for purchase money under a contract of sale of lands. See Freeson v. Bissell, 63 N. Y. 168; Thompson v. Smith, 63 N. Y. 301. In the Bissell Case, supra, the court says:

"The plaintiffs had a right to file a bill for the specific performance of the contract without making a tender of a deed before the commencement of an action. But in such a case they should have made an offer in the complaint to execute a conveyance, and the omission to make an earlier tender could only affect the question of costs."

The complaint in this case did not allege an offer to perform, and it was held sufficient because the objection was not taken on the trial. The court saying that if it had been, the objection could have been obviated by an amendment of the complaint to meet the difficulty. In Thompson v. Smith, supra, an action was brought by the plaintiffs as executors of Thompson, deceased, to enforce an alleged lien for the purchase money under a contract for the sale of lands made between plaintiff's testator as vendor and defendants as vendees. It did not appear in the complaint what became of the legal title to the land on the death of the vendor. No tender of a deed was alleged or proved, and no offer to convey was made. These objections were taken in the answer. Judge Earl, writing the opinion of the court, says:

"And the important question to be considered is, whether the plaintiffs without alleging or showing that they had any title to the land, or that they had tendered any deed or were willing, ready or able to give one, can maintain this action for the foreclosure of their lien for the purchase money. This question must be answered in the negative. * * * In equitable actions, when an offer to perform is essential to a recovery, it is sometimes as in actions for specific performance, held unnecessary to allege or prove an offer to perform before suit brought, but that an offer in the complaint is sufficient. * * * This rule as to equitable actions has, in the case of Freeson v. Bissell, 63 N. Y. 168, recently decided in this court, been applied to an action like this to foreclose a lien for the purchase money due upon an executory contract for the sale of land. In that case there was no allegation in the complaint, and no proof on the trial of an offer to convey, and a judgment for the plaintiff was upheld. It was held unnecessary, for reasons applicable to equitable actions only, to show an offer to perform before suit brought, and the complaint was held sufficient because the objection was not taken in the

answer or upon the trial that it did not allege an offer to perform. In that case the vendor was plaintiff, and there was no judgment for any deficiency against the vendee. Here the plaintiffs did not represent the legal title; there was no offer to convey in the complaint and the objection was taken. * * * They [defendants] might pay, and the person holding the legal title might thereafter successfully dispute the validity of the contract. And further, there is a judgment against them for a deficiency, without any allegations or proof that any conveyance had been offered, and without any provision that any should ever be given to any one by the person holding the legal title."

See, also, Bruce v. Tilson, 25 N. Y. 197.

Under these authorities, it must be held that an offer to convey, at least, should have been set forth in the complaint. In addition to the fact that no offer to convey is alleged in the complaint, it does not appear in the complaint that the plaintiffs are ready and able to give good title.

The demurrer must be sustained, with leave to serve an amended complaint upon payment of costs within 20 days after the service of the order to be entered hereon.

Demurrer sustained, with leave to serve an amended complaint upon payment of costs within 30 days after service thereof ordered entered herein.