### LEWIS SCHREIBER

*v.*

### GEORGE O. MENNINGHAM.

[Decided July 18th, 1907.]

In a suit by a purchaser against a vendor to compel the specific performance of a written agreement to convey land, the complainant, to entitle himself to relief, need not show that the purchase-money was tendered prior to the commencement of the suit.

On demurrer.

*Messrs. Melosh & Morten,* for the demurrant.

*Messrs. Hudspeth & Carey,* for the complainant.

STEVENS, V. C.

This is a suit by a purchaser to compel the specific performance of a written agreement to convey land. The question sought to be raised by the demurrer is whether the complainant, to entitle himself to relief, must not show that the money was tendered prior to the commencement of the suit. If it were necessary, I should hold that, ordinarily, where time is not made of the essence of the agreement, an allegation of readiness to perform is sufficient. In *Bidwell* v. *Garrison, 36 Atl. Rep. 941,* Vice-Chancellor Reed says: "In equity a tender can be made in the pleadings and need not be necessarily made before the bringing of the suit." To the same effect are *Stevenson* v. *Maxwell, 2 N. Y. 409; Bruce* v. *Tilson, 25 N. Y. 194; Freeson* v. *Bissell, 63 N. Y. 168.* Pomeroy, in his note to section 1407, volume 3, of his work on *Equity Jurisprudence,* after saying that there is a contrariety of opinion on the subject, says, "this (the rule above stated) is unquestionably the true equitable doctrine." The question is really one of costs.

As, however, the demurrer admits the material allegations of fact stated in the bill, it necessarily admits that complainant, on June 2d, 1906 (the time for performance mentioned in the agreement), tendered performance (that is, complete performance) on his part of said contract for the purchase of said land, and "then and there offered and tendered himself ready and willing to carry out and perform on his part *all* of the covenants and agreements to be carried out by him," &c. The precise objection made is that the agreement provided for the payment of $100 on its execution and of $900 on June 2d, and that while the bill alleges the tender of $900 on June 2d, it makes no specific allegation as to the payment of $100 on May 22d, the date of the agreement. The allegation is that the defendant "made and entered into a contract" with complainant. This shows that the contract was delivered. I think, in view of the above allegations, it may be assumed, either that the money was paid at the time of its delivery, or that complainant offered to pay it, or such part of it, as remained unpaid on June 2d. The objection is very technical, and does not merit much favor. The defendant cannot possibly be injured, for the court will decree performance by defendant only on terms that complete performance be made by complainant.

The demurrer is overruled, with costs.