(No. 15577.—Decree affirmed.)

GEORGE H. COBB *et al.* Appellants, *vs.* JACOB F. WILLRETT, Appellee.

*Opinion filed June 17, 1924—Rehearing denied October 9, 1924.*

1. SPECIFIC PERFORMANCE—*when vendors must furnish abstract showing a clear title.* Vendors who have agreed to convey a fee simple title free from incumbrances and to furnish an abstract of such title on a certain date, must show, in suing for specific performance, that an abstract was furnished on said date showing a title which is not doubtful and which will not expose the vendee to subsequent litigation.

2. SAME—*performance will not be enforced if title is doubtful.* Where there is a reasonable doubt as to the validity of the title the court will not specifically enforce a contract for a conveyance free from incumbrance.

3. SAME—*obligations of parties to contract for conveyance are mutual and dependent.* The obligations of parties to a contract for a conveyance in regard to the payment of the purchase price and the furnishing of an abstract of title and deed are mutual and dependent, and the seller ought not to be compelled to part with his property without receiving the consideration, nor the purchaser to part with his money without receiving that for which he bargained.

4. SAME—*when sufficiency of title must be determined as of date for delivery of abstract.* Where the abstract is to be delivered and the deal closed on a certain day and time is made of the essence of the contract, the sufficiency of the title shown by the abstract must be determined as of date fixed by the contract; and the fact that defects in the title shown by the abstract are cured by the vendors supplying the necessary records at a subsequent date does not entitle them to a decree for specific performance.

5. SAME—*delay is inexcusable where time is made of essence of contract.* Where the parties by their contract make it essential that the undertakings of the respective parties be performed at a stipulated date a delay cannot be excused and a performance at the exact time is essential, and any default will defeat the right of the defaulter to a specific performance, in the absence of a waiver by the other party.

6. SAME—*what is essential to prove valid title by foreign will.* In order to pass title to real estate in Illinois by a will proved in some other State, it is necessary that an authenticated copy of the will, accompanied by a certificate of the proper officer that the

will was duly executed and proved agreeably to the laws and usages of the State in which it was probated, be recorded in the office of the clerk of the county or probate court, as the case may be, in the county where the land is situated.

CARTER, C. J., dissenting.

APPEAL from the Circuit Court of DeKalb county; the Hon. MAZZINI SLUSSER, Judge, presiding.

WIRICK & WIRICK, for appellants.

FAISSLER & SMITH, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

May 21, 1920, appellants agreed to sell, and appellee to buy, a certain 160-acre farm situated in DeKalb county. Appellants agreed to furnish an abstract showing a merchantable title and to convey by warranty deed the fee simple title to the premises, clear of all incumbrances. Appellee paid $2000 at the time of the execution of the contract and agreed to pay a balance of $31,000 on March 1, 1921, and to assume a mortgage amounting to $15,000. Time was made the essence of the contract. Some time prior to February 15, 1921, appellants delivered to appellee's attorneys an abstract of title brought down to January 14, 1920. In a written opinion dated February 15 appellee's attorneys pointed out fifteen defects in the title. This opinion was forwarded to appellants by appellee, with a letter stating that he would not buy the farm because the title was not good. In order to meet the objections made to the record title, appellants' attorneys procured affidavits and other documents and filed them in the recorder's office of DeKalb county. The abstract was brought down to February 28, 1921, and was delivered, together with a warranty deed to the real estate in question, to appellee's attorneys on March 1, the day the sale was to be consummated. The title was rejected and appellee refused to

accept the deed and to make the payments due under the contract. May 17 appellants filed their bill for specific performance of the contract in the circuit court of DeKalb county. Appellee answered the bill, denying the right of appellants to specific performance for the reason that the abstract of title delivered to him on March 1 did not show a merchantable title, and for the further reason that the contract was obtained by fraud. Appellee filed a cross-bill, setting forth the same matters stated in his answer, and asked that the contract be canceled and the $2000 paid by him returned. Issue was joined and the cause referred to a master in chancery. The master reported, recommending a decree dismissing the original bill and granting the prayer of the cross-bill. Such a decree was entered, and this appeal followed.

This being a bill by the vendors for the specific performance of a contract for the sale and conveyance of land, to entitle them to a decree they must show that the title which they offer to convey is not a doubtful one and is not one which will expose the vendee to litigation with parties not now before the court and therefore not bound by its decision. Where there is a reasonable doubt as to the validity of the title the court will not specifically enforce a contract of this character. *Weberpals* v. *Jenny,* 300 Ill. 145; *Street* v. *French,* 147 id. 342; *Close* v. *Stuyvesant,* 132 id. 607.

In this case the parties have made time of the essence of the contract, and the court must enforce the contract made by the parties according to its terms. (*Turn Verein Eiche* v. *Kionka,* 255 Ill. 392; *Skeen* v. *Patterson,* 180 id. 289; *Heckard* v. *Sayre,* 34 id. 142.) In contracts like the one before us, the undertakings of the vendor and vendee are generally construed to be dependent unless a contrary intention clearly appears. This contract provides that appellants agree to convey the premises described if appellee "shall first make the payment and perform the covenants hereinafter mentioned on his part to be made and per-

formed." Taking into consideration all of the provisions of the contract, it is clear that the parties intended that their undertakings should be mutual, dependent and simultaneous and that they should be performed by the respective parties at one and the same time. A different construction of such contracts would often lead to the greatest injustice. If the vendee were required to pay the full purchase price upon the bare promise of the vendor that he would thereafter, within a reasonable time, furnish an abstract showing a merchantable title and convey the fee simple title by warranty deed, he might find that he had paid for something that he could not get. The obligation to furnish an abstract of title showing a merchantable title in the vendor is an essential part of a contract of this nature, and the payment of the purchase price is as much dependent upon the performance of this obligation as upon the covenant to give a deed. The seller ought not to be compelled to part with his property without receiving the consideration, nor the purchaser to part with his money without receiving the property for which he bargained. Our construction of this contract is supported by decisions of this and other courts. *Eggers* v. *Busch,* 154 Ill. 604; *Glenn* v. *Rossler,* 156 N. Y. 161, 50 N. E. 785; *Ink* v. *Rohrig,* 23 S. D. 548, 122 N. W. 594; *Bank* v. *Hagner,* 1 Pet. 455.

Appellants agreed to convey to appellee a fee simple title free from incumbrances, and they agreed to furnish an abstract on or before March 1, 1921, showing that they had such a title. Notwithstanding the vendors may have had a title to the land in question which was, in fact, merchantable, the vendee was not obliged to accept a deed conveying the land until an abstract was furnished which showed a merchantable title. (*Geithman* v. *Eichler,* 265 Ill. 579; *Ewing* v. *Plummer,* 308 id. 585.) Where time is of the essence of the contract, as it is in this case, the sufficiency of the abstract of title must be determined as of the date fixed by the contract when the vendor was to furnish the

abstract and the deal was to be closed, and not at some time subsequent to that date. (*Smith* v. *Hunter,* 241 Ill. 514; *Clark* v. *Jackson,* 222 id. 13.) Where the parties by their contract make it essential that the undertakings of the respective parties be done at a stipulated date a delay cannot be excused. A performance at the exact time is essential and any default will defeat the right to a specific performance. Of course, the necessity to perform at the exact time may be waived by the other party, but there is no evidence ·of waiver in this case.

The abstract first presented to the appellee's attorneys showed that Elizabeth Greene received title to a part of the land in question in 1854. The abstract then shows that there was filed in the office of the recorder of deeds of DeKalb county on November 29, 1907, what purports to be a certified copy of a will of Elizabeth Greene, the certificate being· made by the clerk of the municipal court of the city of Providence, Rhode Island. The abstract also shows a quit-claim deed dated December 23, 1857, by which John S., Ardelia E. and Albert G. Greene convey to Mary Ann Greene all their interest in a portion of the lands here involved. Appellants have title to these lands by *mesne* conveyances from Mary Ann Greene. There are in the abstract certain documents which show that in 1851 Elizabeth Greene was a widow, and that Albert G., John S., Mary Ann and Ardelia E. were her only living children. After the objections to the title shown by the abstract were made, appellants' attorneys procured from the municipal court of the city of Providence, Rhode Island, an authenticated copy of the will of Elizabeth Greene and caused it to be filed in the office of the recorder of deeds of DeKalb county on February 28, 1921. This authenticated copy was not accompanied with a certificate of the proper officer that said will was duly executed and proved agreeably to the laws and usages of the State of Rhode Island, nor was it recorded by the clerk of the county court of DeKalb county

in a book provided by him for the purpose. In order to pass title to real estate in Illinois by a will proved in some other State, it is necessary that an authenticated copy of the will, accompanied by a certificate of the proper officer that the will was duly executed and proved agreeably to the laws and usages of the State in which the will was proved, be recorded in the office of the clerk of the county or probate court, as the case may be, in the county where the land is situated. (*Barnett v. Barnett,* 284 Ill. 580; *Bliss v. Seeley,* 191 id. 461; *Harrison v. Weatherby,* 180 id. 418.) The authenticated copy of the will of Elizabeth Greene filed in the office of the recorder of deeds was not available, in law, for conveying the lands in Illinois devised by the will. The abstract furnished by appellants on March 1, 1921, did not show a conveyance from Elizabeth Greene. If it be conceded that it was sufficient to show that she was dead, it did not show, in accordance with the statute, a devise of the lands in question, nor was there anything in the abstract to show that the parties named Greene, who conveyed the lands to appellants' predecessors in title, were the heirs of Elizabeth Greene. Assuming that these persons were heirs of Elizabeth Greene, there is certainly nothing in the abstract furnished to show that they were all of her heirs. By their contract appellants made time of performance an essential, and they have failed to comply with that covenant of the contract which required them to furnish an abstract showing a merchantable title on or before March 1, 1921. That they cured the defects shown by the abstract by supplying the necessary records two and one-half months after the date fixed for performance does not entitle them to a decree for specific performance.

There are other questions argued, but the conclusion we have reached makes it unnecessary to discuss or decide them.

The decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. CHIEF JUSTICE CARTER, dissenting.