Samuel S. Christopher, Edith Christopher, Executrix of Last Will and Testament of Samuel S. Christopher, Deceased, Appellee, v. George E. West, Corrine I. Zick, Executrix of Will of George E. West, Deceased, Appellant.

Gen. No. 9,653.

Opinion filed March 3, 1950. Rehearing denied April 17, 1950. Released for publication April 17, 1950.

GILLESPIE, BURKE & GILLESPIE, of Springfield, and STONE, STONE & HESS, of Bloomington, for appellant.

A. M. FITZGERALD, of Springfield, for appellee.

225

Mr. Presiding Justice Wheat delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Sangamon county in an action at law brought by plaintiff appellee against defendant appellant wherein plaintiff recovered judgment on directed verdict in the amount of $4,061.47, plus interest, being the amount of his down payment under a contract for purchase of real estate located in Iroquois county, Illinois.

The contract upon which the action is based was executed by the parties hereto on February 22, 1946, the material parts of which are as follows:

"If the second party shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed, the said first party hereby covenants and agrees to convey and assign to the second party in fee simple by good and sufficient Warranty Deed" the real estate in question, "and the said party of the second part hereby covenants and agrees to pay to the said party of the first part the sum of $27,076.50 in the following manner: $4,061.47 on this date and the balance on or before 90 days from this date . . . and in case of failure of said party of the second part to make either of the payments . . . this contract shall at the option of the party of the first part be forfeited and determined and the party of the second part shall forfeit all improvements and payments made by him on this contract. . . .

"The first party agrees to furnish an abstract showing title to said real estate in accordance with this contract and allow second party reasonable time to have same examined and thereafter first party shall within a reasonable time correct defects, if any, and shall make such abstract show a merchantable

title . . . . It is mutually agreed by and between the parties hereto that time of payment shall be the essence of this contract . . . ."

Plaintiff apparently took possession of the premises about March 1, 1946, which possession does not appear to have been disturbed at any time thereafter. On or about May 15, 1946, plaintiff received an abstract of title as to the real estate in question certified to May 8, 1946. About May 18, plaintiff's attorney advised him by written opinion that there were certain defects in the title and that it was not merchantable. On July 2, 1946, plaintiff notified defendant of his intention to rescind the contract, and started this suit some months later.

For the purpose of this opinion it is immaterial whether or not the title was merchantable. The pertinent and controlling question relates to the necessity of tender of the purchase price by the plaintiff as a prerequisite of suit, thus putting defendant in a position of default, inasmuch as the time of performance (ninety days from February 22, 1946) had elapsed when plaintiff attempted to rescind on July 2, 1946. Defendant so contends and sets this up as a defense in his amended answer.

There was no proof of tender of the balance of the purchase price by plaintiff, and he has not contended either by his pleadings or in his argument on appeal that he at any time performed or offered to perform his remaining obligations under the contract, or that he at any time demanded performance of defendant. He relies, however, on the decision in *Cobb v. Willrett*, 313 Ill. 92, and *Hayne v. Fenton*, 321 Ill. 442, to support his position that tender was unnecessary. In relying on these cases plaintiff does not address himself directly to the point in issue. He argues that under the contract "the defendant was obligated to furnish an abstract showing merchantable title and tender his

good and sufficient Warranty Deed on or before May 23, 1946'' and that ''there was no obligation upon plaintiff to pay the balance of the purchase money until there was tendered him such an abstract and deed.'' These are subtle half-truths which invite false conclusions. It is true that had defendant done these things he would have performed fully his part of the contract, and it may be assumed that plaintiff was not bound to actually pay the balance of the purchase price until there was such tender of deed and abstract. It does not follow, however, that because defendant did not do these things, he was in default, or that plaintiff is entitled to recover, or that there was no obligation on his part to tender the balance in order to become entitled to recover.

In each of the aforementioned cases cited by plaintiff, the problem before the court was a determination of the circumstances under which a vendor is entitled to specific performance of a contract for the sale of land, and it was held that the vendor must first show that he is ready, able and willing to perform on his part, and that the furnishing of merchantable title in accordance with his contract is a prerequisite to the purchaser's obligation to pay the purchase price. There is no discussion, however, in these cases of the circumstances under which a purchaser may recover payments made under a contract, a distinct and separate problem. There is further no suggestion in either decision, nor does it follow on principle, that because the vendor is not entitled to specific performance, the purchaser is automatically entitled to recover payments made.

The following language in *Eames v. Germania Turn Verein*, 8 Ill. App. 663, is pertinent:

''It is idle to talk about it being unsafe for this purchaser to proceed with the performance of the contract; for, when they were ready and offered to perform, if

the sellers had not then such a title as they agreed to give, the purchaser need not part with his money. It is the object in making such acts of payment and conveyance mutual, dependent, and to be simultaneously performed, that the purchaser need not part with his money, unless he can get the title bargained for; and that the vendor need not part with his title, until he receives the consideration."

*Cobb v. Willrett, supra,* specifically sustains defendant's contention that "in contracts like the one before us the undertakings of the vendor and vendee are generally construed to be dependent unless a contrary intention clearly appears." The contract in such case contained the identical language as in the instant case: "if the purchaser shall first make the payments and perform the covenants" as thereinafter agreed, the vendor "agrees to convey and assign" the property in question.

 A number of the Illinois cases concerning the circumstances under which a purchaser of real estate may rescind and recover payments made are discussed in *Glenn v. Price,* 337 Ill. App. 637. The rule there reasserted is that the purchaser must ordinarily put the vendor in default by tender of performance on his part before he can maintain his action to recover payments made (see also *Bedinger v. May,* 323 Ill. 187). This follows as a corollary of the above-stated rule that in a bilateral contract the obligations of the contracting parties are in the ordinary case mutual and dependent.

In the instant case the time for performance was fixed as being ninety days from February 22, 1946, at which time neither party tendered performance. In the case of *Augsberg v. Meredith,* 101 Ill. App. 629, the contract involved appears to have been substantially identical with that in the instant case, and it appeared that on the closing date specified the vendor

did not offer to convey and the vendee did not tender the final payment. Later the vendor tendered his deed, and the vendee in refusing to accept it and to pay the balance due, contended that it must appear that vendor held title, a deed, and demanded payment on the closing date, and that upon such failure to do so, the contract was terminated and the purchaser released from liability. The court, after discussing many cases on the subject, rejected such contention of the purchaser and stated:

"If defendants had tendered payment and demanded a conveyance (on the closing date) plaintiff must have at once procured the title and conveyed it to them, and if he failed defendants could have declared the contract rescinded, and could have recovered the money already paid . . . . As neither party tendered performance, the contract did not expire, but remained in force (subject, of course, to the Statute of Limitations) till such time as one party or the other should tender performance, when, if the other party did not perform, the party tendering performance could have the election to declare the contract rescinded or not, as such party might choose."

The following statement likewise supports these conclusions:

"While delay may be disregarded by a manifestation of a willingness to extend the time of performance, the waiving party is not altogether precluded from insisting upon performance within a fixed period; he can by informing the other party of his purpose, fix a reasonable time within which the condition or promise must be performed. Failure to perform within that time has the same effect as if the time had been originally stated in the contract and made of the essence." (Williston on Contracts, sec. 856.) (See also *Harding v. Olson,* 177 Ill. 298; *Sanford v. Emory's Administrators,* 34 Ill. 468.)

It is the conclusion of this court that inasmuch as the time fixed for performance in the contract had expired, it was a prerequisite to plaintiff's right to institute suit, that he tender full payment of the balance of the purchase price and demand performance by defendant within a reasonable time. Not having done so, his right of action had not matured and he cannot recover in this case.

The question of proper venue has been earnestly presented by defendant in this case, but by reason of the conclusion reached above, a discussion on this point is unnecessary.

The death of George E. West, defendant appellant, has been suggested, and motion has been allowed to substitute in his stead Corrine I. Zick, executrix of the will of George E. West, deceased.

The judgment of the circuit court of Sangamon county is reversed.

*Reversed.*